| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>AXIS LED GROUP, LLC, a limited liability<br>    company;<br><br>ALG-HEALTH LLC, a limited liability company;<br>    and<br><br>ADAM J. HARMON, individually and as an<br>    officer of AXIS LED GROUP, LLC and<br>    ALG-HEALTH LLC,<br><br>    Defendants. | Case No. _____<br><br>**STIPULATED ORDER FOR<br>PERMANENT INJUNCTION,<br>MONETARY RELIEF<br>JUDGMENT, AND CIVIL<br>PENALTY JUDGMENT** |

Plaintiff, the United States of America, acting upon notification and authorization to the

Attorney General by the Federal Trade Commission ("Commission" or "FTC"), filed its

Complaint for Permanent Injunction, Monetary Relief, Civil Penalties, and Other Relief

("Complaint"), for a permanent injunction, monetary relief, civil penalties, and other relief in this

matter, pursuant to Sections 13(b), 16(a)(1), and 19 of the Federal Trade Commission Act ("FTC

Act"), 15 U.S.C. §§ 53(b), 56(a)(1), and 57b; the Made in USA Labeling Rule ("MUSA

Labeling Rule"), 16 C.F.R. Part 323; and the COVID-19 Consumer Protection Act of the 2021

Consolidated Appropriations Act, Pub. L. No. 116-260, 134 Stat. 1182, Title XIV, Section 1401

("COVID-19 Act").   Defendants have waived service of the summons and the Complaint.

Plaintiff and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction,

Monetary Relief Judgment, and Civil Penalty Judgment ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

**FINDINGS**

1.	This Court has jurisdiction over this matter.

2.	The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the MUSA Labeling Rule, 16 C.F.R. Part 323, in connection with, among other things, the labeling and advertising of certain light-emitting diode and personal protective equipment ("PPE") products containing significant imported content as "Made in USA."

3.	The Complaint also charges that, during the 2019 novel coronavirus public health emergency, in connection with the labeling and advertising of certain PPE products, Defendants participated in deceptive acts or practices associated with the prevention or mitigation of COVID-19 in violation of Section 5 of the FTC Act, 15 U.S.C. § 45.	The COVID-19 Act, Pub. L. No. 116-260, 134 Stat. 1182, Title XIV, § 1401(b)(1) authorizes this Court to award monetary civil penalties of up to $46,517 for each such violation.

4.	Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.	Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

5.	Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

6.      Defendants and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      **"Clear(ly) and Conspicuous(ly)"** means that a required disclosure is difficult to miss (*i.e.*, easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.      In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.   In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.      A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.      An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4.      In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.      On a product label, the disclosure must be presented on the principal display panel.

6.      The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

7.      The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

8.      The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

9.      When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

B.      "**Defendants**" means the Individual Defendant and the Corporate Defendants, individually, collectively, or in any combination.

1.      "**Corporate Defendants**" means Axis LED Group, LLC and ALG-Health LLC, and their successors and assigns.

2.      "**Individual Defendant**" means Adam J. Harmon.

C.      "**Made in the United States**" means any representation, express or implied, that a good or service, or a specified component thereof, is of U.S.-origin, including, but not limited to, a representation that such good or service is "made," "manufactured," "built," "produced," or "crafted" in the United States or in America, or any other U.S.-origin claim.

# ORDER

## I.
## PROHIBITION AGAINST MISREPRESENTATIONS
## REGARDING U.S.-ORIGIN CLAIMS

**IT IS ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from representing or assisting others in representing, expressly or by implication, that a good or service is Made in the United States unless:

A.     The final assembly or processing of the product occurs in the United States, all significant processing that goes into the product occurs in the United States, and all or virtually all ingredients or components of the product are made and sourced in the United States; or

B.     A Clear and Conspicuous qualification appears immediately adjacent to the representation that accurately conveys the extent to which the product contains foreign parts, ingredients or components, and/or processing; or

C.     For a claim that a product is assembled in the United States, the product is last substantially transformed in the United States, the product's principal assembly takes place in the United States, and United States assembly operations are substantial.

## II.
## PROHIBITION AGAINST MISLEADING OR
## UNSUBSTANTIATED REPRESENTATIONS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who

receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from making any representation, expressly or by implication, including: (1) any representation regarding the country of origin of any good or service; or (2) any representation regarding: (a) the treatment, cure, prevention, mitigation, or diagnosis of COVID-19, or (b) any government benefit related to COVID-19, unless the representation is non-misleading, including that, at the time such representation is made, Defendants possess and rely upon a reasonable basis for the representation.

### III.
### MONETARY JUDGMENT FOR RELIEF AND SUSPENSION

**IT IS FURTHER ORDERED** that:

A.      Judgment in the amount of Two Million Seven Hundred Sixty-Nine Thousand Eight Hundred Ninety-Eight Dollars ($2,769,898) is entered in favor of Plaintiff against Individual Defendant and Corporate Defendants, jointly and severally, as monetary relief.   The judgment is suspended subject to the Subsections below.

B.      The Commission's and Plaintiff's agreement to the suspension of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "Financial Attestations") submitted to the Commission, namely:

1.      The Financial Statement of Individual Defendant Adam J. Harmon signed on April 21, 2022, submitted to Commission Counsel Julia Solomon Ensor on May 11, 2022, with corrected Line 25, including the attachments submitted to Commission

Counsel on May 4, 2022;

2.      The Financial Statement of Corporate Defendant Axis LED Group, LLC signed by Adam J. Harmon on April 21, 2022, submitted to Commission Counsel Julia Solomon Ensor on May 6, 2022, including the attachments submitted to Commission Counsel on May 4, 2022;

3.      The Financial Statement of Corporate Defendant ALG-Health LLC signed by Adam J. Harmon on April 21, 2022, submitted to Commission Counsel Julia Solomon Ensor on May 6, 2022, including the attachments submitted to Commission Counsel on May 4, 2022; and

4.      The additional documentation submitted by Defendants' counsel Jonathan Slotter to Commission Counsel Julia Solomon Ensor dated April 5, 2022, and May 4, 2022, including bank statements and checks.

C.     The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission or Plaintiff, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the Financial Attestations identified above.

D.     If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## IV.
## MONETARY JUDGMENT FOR CIVIL PENALTY

**IT IS FURTHER ORDERED** that:

A.      Judgment in the amount of One Hundred Fifty-Seven Thousand Six Hundred Eighty-Three Dollars and Thirty-Seven Cents ($157,683.37) is entered in favor of Plaintiff against the Individual Defendant and the Corporate Defendants, jointly and severally, as a civil penalty.

B.      Defendants are ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, One Hundred Fifty-Seven Thousand Six Hundred Eighty-Three Dollars and Thirty-Seven Cents ($157,683.37), which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to Plaintiff.   Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of Plaintiff.

## V.
## ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.      Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

C.      Defendants agree that the civil penalty judgment represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, as to the Individual Defendant, it is not subject to discharge under the Bankruptcy Code pursuant to

11 U.S.C. § 523(a)(7).

D.     Defendants acknowledge that their Taxpayer Identification Numbers (Social Security

Number or Employer Identification Numbers), which Defendants must submit to the

Commission, may be used for collecting and reporting on any delinquent amount arising out of

this Order, in accordance with 31 U.S.C. §7701.

E.     All money received by the Commission pursuant to this Order may be deposited into a

fund administered by the Commission or its designee to be used for consumer relief, such as

redress and any attendant expenses for the administration of any redress fund.   If a

representative of the Commission decides that direct redress to consumers is wholly or partially

impracticable or money remains after such redress is completed, the Commission may apply any

remaining money for such related relief (including consumer information remedies) as it

determines to be reasonably related to Defendants' practices alleged in the Complaint.   Any

money not used for relief is to be deposited to the U.S. Treasury as an additional civil penalty.

Defendants have no right to challenge any actions the Commission or its representatives may

take pursuant to this Subsection.

## VI.
## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of

this Order:

A.     Each Defendant, within 7 days of entry of this Order, must submit to the Commission an

acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For 5 years after entry of this Order, Individual Defendant, for any business that such

Defendant is the majority owner or controls directly or indirectly, and Corporate Defendants, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII.
## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A.      One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

> 1.      Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business,

including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.      Additionally, the Individual Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      Each Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.      Additionally, the Individual Defendant must report any change in:  (a) name,

including aliases or fictitious name, or residence address; or (b) title or role in any

business activity, including any business for which such Defendant performs services

whether as an employee or otherwise and any entity in which such Defendant has any

ownership interest, and identify the name, physical address, and any Internet address of

the business or entity.

C.      Each Defendant must submit to the Commission notice of the filing of any bankruptcy

petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14

days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of

perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:   "I

declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.   Executed on:   _____" and supplying the date, signatory's full

name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to

the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight

courier (not the U.S. Postal Service) to:   Associate Director for Enforcement, Bureau of

Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington,

DC   20580.   The subject line must begin:   FTC v. Axis LED Group, LLC.

## VIII.
## RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for 20 years

after entry of the Order, and retain each such record for 5 years.   Specifically, Corporate

Defendants, and Individual Defendant, for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      Accounting records showing the revenues from all goods or services sold;

B.      Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:   name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.      Records of all consumer complaints and refund requests concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response;

D.      All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.      A copy of each unique advertisement, label, or other marketing material that includes any express or implied claim:   (1) that a product is Made in the United States; (2) relating to the treatment, cure, prevention, mitigation, or diagnosis of COVID-19; or (3) relating to any government benefit related to COVID-19.

## IX.
## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order and any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, each Defendant must:   submit additional compliance reports or other requested

information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.   The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with each Defendant.   Defendants must permit representatives of the Commission or Plaintiff to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.   The person interviewed may have counsel present.

C.      The Commission and Plaintiff may use all other lawful means, including posing through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.   Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the Commission or Plaintiff, any consumer reporting agency must furnish consumer reports concerning Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## X.
## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this _____ day of _____, 2022.**

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**UNITED STATES OF AMERICA**

BRIAN M. BOYNTON
Principal Deputy Attorney General
Civil Division

ARUN G. RAO
Deputy Assistant Attorney General

MICHELLE M. BAEPPLER
First Assistant United States Attorney
Northern District of Ohio

s/Brendan F. Barker
BRENDAN F. BARKER (IL: 6299039)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3795
(216) 522-2404 (facsimile)
Brendan.Barker@usdoj.gov

GUSTAV W. EYLER
Director
Consumer Protection Branch

LISA K. HSIAO
Assistant Director

s/ Matthew A. Robinson
MATTHEW A. ROBINSON
ELLEN BOWDEN MCINTYRE
Trial Attorneys Appearing Pursuant to 28 U.S.C. § 517
Consumer Protection Branch
U.S. Department of Justice

P.O. Box 386
Washington, DC 20044
matthew.a.robinson@usdoj.gov
Phone: (202) 305-4342
ellen.bowden.mcintyre@usdoj.gov
Phone: (202) 451-7731

**FEDERAL TRADE COMMISSION**

s/ Julia Solomon Ensor
 JULIA SOLOMON ENSOR
 Attorney
 Federal Trade Commission
 600 Pennsylvania Ave., N.W.
 Mail Stop CC-9528
 Washington, D.C. 20580
 Tel.:   202-326-2377
 Fax:   202-326-3197
 jensor@ftc.gov

**FOR DEFENDANTS:**

_____     Date: 5|12|22

STEPHEN COCHELL
Cochell Law Firm
COUNSEL for Axis LED Group, LLC, ALG-Health LLC, and Adam J. Harmon


**DEFENDANTS;** Axis LED Group, LLC, ALG-Health LLC, and Adam J. Harmon

_____     Date: 5/11/22

ADAM J. HARMON
INDIVIDUALLY AND AS AN OFFICER OF
AXIS LED GROUP, LLC AND ALG-HEALTH LLC