# UNITED STATES DISTRICT COURT
# IN THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:22-cv-01389 |
| Plaintiff, | |
| v. | |
| AXIS LED GROUP, LLC, et al., | |
| Defendant. | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND FOR WITHDRAWAL OF STIPULATED FINAL JUDGEMENT**

The FTC's arguments are without merit for several reasons:

(1) The FTC agreed to the Court having jurisdiction over this agreement for all purposes, including purposes of construction, modification and enforcement. Dkt. 2 at 2; Dkt 2 at 14;

(2) The Court has not yet signed the Stipulated Judgment, and the FTC has not presented any case law that requires this Court to enter the Stipulated Order if, as in this case, the FTC has unnecessarily issued a Press Release that tells the public that Adam Harmon, ALG Health, and AXIS-LED are liars and thereby breached the letter and the spirit of the proposed Consent Decree which states that Defendants do not admit the allegations regarding their liability;

(3) The FTC breached the Stipulated Judgement's No-Admission-of-Liability provision by issuing its August 5, 2022 Press Release (a claim for breach of contract); and

(4) The Court can require or fashion an order that helps stop the bleeding and undo the harm already inflicted by issuing a Press Release.

The FTC's proposed Press Release to counsel reveals the FTC's recalcitrance in trying to settle the matter, and suggests that the FTC believes it is above the law and can do or say anything it wants after it settles a case. Counsel requests the Court enjoin and direct the FTC to file the attached Order, based on the Twitter case. A copy is attached to this Reply for the Court's consideration. **Exhibit E.**

The FTC's assertion that there was no irreparable harm or threat of irreparable harm is frivolous. In addition to Adam Harmon's declaration outlining the threat of irreparable harm, he was just informed today that JobsOhio (Ohio's Economic & Business Development Catalyst) would be dropping ALG Health from their program because of the Press Release. **Exhibit F**,[1] Supp. Dec. Adam Harmon. Similarly, ALG Health was going to lease additional space to expand its operation, but the landlord now refuses to do business with ALG Health and Harmon because of the Press Release. *Id.* The FTC has now made it certain that Harmon and the other defendants will suffer financial disaster. The FTC has not and cannot articulate any legitimate purpose for continuing to insist that its vitriolic Press Release be posted.

The FTC is fully aware that small businesses cannot survive a concerted effort by the FTC to slander their businesses. Because severe financial harm has already been inflicted, the Court can order that the FTC remove its Press Release and prohibit any further press releases.

---

[1] Exhibit C is the next defendants' exhibit marked in sequence.

## I. The Court is Not Powerless to Assure Justice and Administer the Settlement Agreement in a Fair and Equitable Manner.

It is axiomatic that federal courts have broad discretion to supervise and administer consent decrees. *Frew v. Hawkins*, 540 U.S. 421 (2004). Consent decrees have elements of both contracts and judicial decrees. A consent decree is an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree *that is subject to the rules generally applicable to other judgments and decrees. Id.* at 438-439 (emphasis supplied). The *Frew* Court further held that the Court may grant relief to a party when "it is no longer equitable that the judgment should have prospective application."[2] *See also United States v. Michigan*, Nos. 94-2391/95-1258, 1995 U.S. App. LEXIS 23152, at *28-29 (6th Cir. 1995) (citing *Stone v. City and County of San Francisco*, 968 F.2d 850, 861 (9th Cir. 1992) (Moreover, "[a] federal court has broad equitable remedial powers" to enforce consent decrees). Simply stated, the Court may exercise its broad discretion to enter injunctive relief that enforces the spirit as well as the letter of the Stipulated Order. Notably, the Sixth Circuit found that "[a] court has an affirmative duty to protect the integrity of its [consent] decree. This duty arises where the performance of one party threatens to frustrate the purpose of the decree." *Michigan*, Nos. 94-2391/95-1258, 1995 U.S. App. LEXIS 23152, at *28-29 (quoting *Stotts v. Memphis Fire Dep't*, 679 F.2d 541, 557 (6th Cir. 1982)). A party "who has obtained the benefits of a consent decree – not the least of which is the termination of the litigation – cannot then be permitted to ignore such affirmative obligations as were imposed by the decree." *Id.*

---

[2] District courts should apply a flexible standard to modification of a decree when a significant change in facts or law warrants amendment.

On one hand, the FTC invokes the equitable power of this Court to seek permanent injunctive relief; yet, on the other hand, the FTC demands the Court not to interfere while it destroys Harmon and the other Defendants through its issuance of a false press release. There is no case that states that the Court must enter the Stipulated Order. The Agreement itself grants jurisdiction with the Court. Dkt. 2 at 2 ("This Court has jurisdiction over this matter.") Further, the Agreement states: **IT IS FURTHER ORDERED** that this court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this order." *Id*. at 14. The FTC claims that if there is no specific provision limiting a press release, the Court is powerless to act. However, the FTC actually granted the Court the authority to modify the agreement or to require, as a matter of equity, that the FTC remove and replace the Press Release with a balanced Press Release that actually communicates that the Stipulated Judgment was filed with the Complaint and provides that the FTC agreed that the settlement was without admission of liability.

**II.     The Press Release Breached the No Admission of Liability Provision.**

A settlement agreement is akin to a contract that must be administered and implemented in good faith. Federal courts have a unique role in administering consent decrees and stipulated orders to make sure the public is well served and that equity is done. **<u>The no-admission of liability provision is in the Stipulated Order</u>**. The FTC's issuance of a Press Release portraying the allegations in the complaint as true constitutes a material breach of the Consent Agreement.[3] <u>The Court should not allow the FTC to issue more press releases without prior court order</u>.

---

[3] It is clear that the FTC knowingly and willfully breached the no-admission of liability provision to bolster the agency's reputation.

### III. The Court Should Grant an Order to Assure the FTC Complies with the Settlement Agreement.

The FTC's proposed revised Press Release was anemic and certainly not within the scope of this Court's recommendation and observation of the Original Press Release. The FTC's revised Press Release still contains statements that Defendants engaged in lying and fraud. Not only are the statements false, they contradict the terms of the Consent Agreement.

The Banner should reflect the truth – The FTC Filed a Consent Decree that Settles the Complaint, with both being filed at the same time. In a settlement, both parties give up the right to go to trial and prove their allegations. The Consent Decree, if enforced, should operate to bring resolution between the parties and dismiss/settle the allegations that could have been made, but were withdrawn and dismissed through settlement.

The FTC seems to seize on the fact that it is "referring" the case to the Department of Justice. Then the FTC Director of Bureau of Consumer Protection makes the untrue statement criticizing Adam Harmon for "slapping on Made in USA labels that were made overseas" but made no mention that Harmon categorically denied these allegations. As set out in Harmon's initial declaration, ALG-Health did not remove Made in China labels and replace with Made in USA labels. Dkt. 5-1. Moreover, and most importantly, the Press Release did not disclose the existence of the no-admission of liability provision until the middle of the second page. Instead of simply reporting the terms of the agreement, the FTC engages in rhetoric that greatly harms defendants and serves no governmental purpose.

## IV. Balance of Harms Favors the Law of Settlement, Mitigating Harm to Defendants and Conveying the Truth, Status and Context of This Case.

The FTC's argument that the Court should apply *Trudeau* is misguided as Trudeau represented an extreme point of view. In *Trudeau*,[4] the Court was presented with a press release issued after a settlement agreement was signed. The Court was reluctant to apply a rule that required the agency to mention "every detail" of the case and might chill the publication of press releases.

The facts in this case are distinguishable. The FTC's Press Release is destroying the Defendants' business as this issue is being briefed. Defendants are not arguing that there should not be a release, but rather one that is accurate. The No Admission of Liability should be in the first paragraph and bolded to lessen the disastrous effects of the Original Press Release. In addition, the FTC should footnote the Press Release to show that the Court had to order a federal agency to do the right thing, the right way. Otherwise, the FTC will be undeterred from inflicting further harm on litigants who have settled in good faith. Defendants' proposed Press Release is attached hereto. It accomplishes the goal of advising the public of the allegations as well as the settlement.

## V. Conclusion

Thus, there are two cognizable actions via Rule 65: (a) modification under Rule 65; and (2) Breach of Consent Decree/Settlement Agreement. Contrary to the FTC's argument, there is a likelihood of success on the merits on its breach of contract claim as well as a cognizable claim for modification under Rule 65, irreparable harm or a threat of irreparable harm (loss of irreparable harm and loss of JobsOhio for low interest

---

[4] The Press Release in Trudeau was far better than the one-sided, acerbic press release proposed by the FTC. https://www.ftc.gov/news-events/news/press-releases/2004/09/kevin-trudeau-banned-infomercials

loans/grants). Thus, Defendants request this Court adopt the Press Release proposed by Defendants.

>Respectfully submitted,
>
>*/s/ Stephen R. Cochell*
>Stephen R. Cochell
>(Texas Bar No. 24044255)
>COCHELL LAW FIRM, P.C.
>5850 San Felipe, Ste. 500
>Houston, Texas 77057
>(346)800-3500
>srcochell@gmail.com
>
>James P. Silk, Jr. (0062463)
>SPENGLER NATHANSON P.L.L.
>900 Adams Street
>Toledo, OH 43604
>(419) 252-6210
>jsilk@snlaw.com
>
>*Counsel for Defendants Axis LED Group, LLC, ALG-Health, and Adam Harmon*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically this 23rd day of August, 2022. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

>*/s/ Stephen R. Cochell*
>Stephen R. Cochell
>*Counsel for Defendants Axis LED Group, LLC, ALG-Health, and Adam Harmon*

596735