

DEFENDANT'S EXHIBIT E

UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff,*<br><br>v.<br><br>**AXIS LED GROUP, LLC** *et al.*<br><br>*Defendant.* | No. 3:22-cv-01389 |

### TEMPORARY RESTRAINNG ORDER

Defendant, Axis LED Group, LLC et al, has filed a Motion for Temporary Restraining Order, Entry of Preliminary Injunction, and for Withdrawal of the Stipulated Final Judgment.

The Court, having considered the Motion for Temporary Restraining Order ("TRO"), declarations, exhibits, and memorandum in support thereof, and being otherwise advised, finds that:

1. There is good cause to believe that Defendants are likely to succeed on the merits of their claim. The Defendants entered into the Stipulated Judgment/ Settlement Agreement with a "no admission of liability" provision, where Defendants did not admit guilt to any of the allegations set forth by the Plaintiff. The Press Release, on its face, leads the reader to believe that the Defendants were guilty of all allegations made by the Federal Trade Commission ("FTC") and Department of Justice ("DOJ"). Thus the Press Release violates terms of the Consent Decree that is before the Court now.

2. The Defendants are likely to suffer irreparable harm. The Defendant is likely to, at a minimum, have its reputation damages due to the inaccurate and unbalanced nature of the

press release. This loss of customer goodwill is enough to satisfy the irreparable harm standard. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 512 (6th Cir. 1992) ("The loss of customer goodwill often amounts to irreparable injury because the damages flowing from such losses are difficult to compute."). It is also possible that Defendants will suffer actual harm in the future due to contracts terminated by existing customers and lost business from potential customers.

3. The Plaintiff will not be harmed by having to retract its press release and provide a balanced press release that accurately describes the state of the case. The Revised Press Release will, as Plaintiffs "stop the bleeding" and mitigate their loss of reputation.

4. The granting of the injunction is in the public interest. First, the Court wishes to promote equity and fairness. The Plaintiff's press release, at a minimum, is not in the spirit of the Consent Decree or the negotiations that proceeded the Settlement Agreement. It is in the public interest that if a settlement is reached, that the terms of the settlement be adhered to by all parties. Moreover, because the Plaintiff is an agency of the United States Federal Government, it is held to a higher standard of truthfulness. *EEOC v. Laroy Thomas, Inc.*, 2007 U.S. Dist. 118766, *2. The public has an interest in relying on the government for true, accurate and transparent information.

**ORDER**

**IT IS THEREFORE OREDERED** that the Defendants Temporary Restraining Order is GRANTED. The FTC shall *forthwith* remove the August 9, 2022 Press Release from its website, shall *forthwith* remove any other publications that similarly do not provide a balanced and misleading description of the status of the case at bar, and shall *forthwith* substitute the Revised Press Release submitted by Plaintiffs.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 65(b), the parties shall appear before this Court in _____, on _____ for a hearing to show cause, if there is any, why this Court should not enter a Preliminary Injunction enjoining and directing the FTC from posting press releases that violate the terms of the Proposed Consent Decree.

**IT IS FURTHER ORDERED** that the Defendant is not required to file with the Clerk of this Court a bond.

_____
James G. Carr
United District Court Judge